**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

BMTP, LLC

VERSUS

RBH, INC., CMH HOMES, INC.
CMH MANUFACTURING, INC.
CMH SERVICES, INC. and
NTA, INC.

Civil Action Number
18-CV-352-SDD-RLB

## **RULING & ORDER**

This matter is before the Court on the *Motion for Extension of Time to Oppose [Defendant's] Motion to Dismiss for Lack of Personal Jurisdiction*[1] filed by Plaintiff, BMTP, LLC. Plaintiff seeks an extension of time to oppose Defendants' motion and further requests time to conduct jurisdictional discovery. The Defendants oppose the extension of time and the request for jurisdictional discovery. The Court will grant the motion in part and deny the motion in part without prejudice.

Plaintiff contends it needs jurisdictional discovery to respond to Defendants' motion. However, the law is clear that:

> [i]n order to be entitled to jurisdictional discovery, a plaintiff must make a preliminary showing of jurisdiction. *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005). He must present "factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts." *HEI Res., Inc. v. Venture Research Inst*., 2009 WL 2634858, at *7 (N.D. Tex. Aug 26, 2009) (Lynn. J.) (citing *Fielding*, 415 F.3d at 429). He must state what facts he believes discovery would uncover and how those

---

[1] Rec. Doc. No. 16. Defendants' *Motion to Dismiss* is at Rec. Doc. No. 2.
Document Number: 45472

facts would support personal jurisdiction. *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 855 (5th Cir. 2000). "Discovery on matters of personal jurisdiction ... need not be permitted unless the motion to dismiss raises issues of fact. When lack of personal jurisdiction is clear, discovery would serve no purpose and should not be permitted." *Wyatt,* 686 F.2d at 284. The decision to allow jurisdictional discovery is within the discretion of the district court. *Fielding*, 415 F.3d at 419.

Accordingly, Plaintiff is hereby granted an extension of time to oppose the Defendants' motion;[2] however, Plaintiff must make this preliminary showing of jurisdiction in its opposition brief and satisfy the requirements set forth above by the Fifth Circuit to establish the need for jurisdictional discovery.

Therefore, Plaintiff's *Motion for Extension of Time to Oppose* [*Defendant's*] *Motion to Dismiss for Lack of Personal Jurisdiction*[3] is GRANTED in part. Plaintiff shall file an *Opposition* to the Defendants' motion on or before May 2, 2018. Defendants' *Unopposed Motion for Briefing Schedule*[4] is GRANTED and Defendants shall file a *Reply* on or before May 11, 2018. Thereafter, the Court will determine whether Plaintiffs are entitled to jurisdictional discovery.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on April 26, 2018.

_____
**JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[2] Rec. Doc. No. 16.
[3] Rec. Doc. No. 16. Defendants' *Motion to Dismiss* is at Rec. Doc. No. 2.
[4] Rec. Doc. No. 17.
Document Number: 45472