**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| BMTP, LLC | CIVIL ACTION |
| VERSUS | 18-352-SDD-RLB |
| RBH, INC., CMH HOMES, INC., CMH MANUFACTURING, INC., CMH SERVICES, INC., AND NTA, INC. | |

**RULING**

This matter is before the Court on the *Motion to Dismiss for Lack of Personal Jurisdiction, or in the Alternative, Motion to Transfer Venue*[1] by Defendant, RBH, Inc. ("RBH" or "Defendant"). Plaintiff, BMTP, LLC ("Plaintiff") has filed an *Opposition*[2] to this motion, to which Defendant filed a *Reply*.[3] For the following reasons, the Court finds that Defendant's motion should be granted in the alternative, and the Court will transfer this matter to the Northern District of Alabama.

**I.   BACKGROUND**

Plaintiff filed this class action *Petition* in state court, and this matter was removed by Defendants to federal court pursuant to the Class Action Fairness Act ("CAFA").[4] Plaintiff alleges that CMH Homes, CMH Manufacturing, and CMH Services were organized under the laws of the State of Tennessee and doing business in Louisiana as

---

[1] Rec. Doc. No. 26.
[2] Rec. Doc. No. 41.
[3] Rec. Doc. No. 47.
[4] Rec. Doc. No. 1.  CAFA, 28 U.S.C. § 1332(d).
49968

members of the single business enterprise "The Clayton Home Building Group."[5] In April 2016, the Clayton Home Building Group acquired River Birch Homes, Inc. ("RBH"), Defendant-Movant, and the Defendants allegedly began to promote their business enterprise to Plaintiff and issued a formal press released.[6]

In September 2016, Plaintiff purchased twenty new RBH manufactured homes, and they were delivered to Plaintiff's park in Louisiana.[7] After a piece of sliding fell off one of the homes, allegedly revealing hidden defects, Plaintiff investigated the homes and discovered numerous hidden defects common to all the homes.[8] Plaintiff filed this action on behalf of itself and as a representative of a putative class of purchasers and owners of RBH homes, alleging the homes were defective due to inadequate design, materials, systems and manufacturing techniques.[9]

RBH moves to dismiss for lack of personal jurisdiction on the grounds that it is an Alabama corporation with its principal place of business in Hamilton, Alabama;[10] all of its assets have been purchased by Southern Energy Homes, Inc. ("Southern Energy");[11] and, as of the date of the August 2016 purchase of the homes at issue herein, RBH no longer owned, operated, or controlled the plant which manufactured the homes.[12] Further, RBH President Delmo Payne submitted a sworn *Declaration* wherein he states that RBH never possessed, manufactured, marketed, or placed into commerce the homes

---

[5] Rec. Doc. No. 1-1, ¶¶ 1, 6.
[6] *Id.* at ¶ 5.
[7] *Id.* at ¶ 7.
[8] *Id.* at ¶¶ 9-10.
[9] *Id.* at ¶ 11.
[10] Rec. Doc. No. 26-1, ¶ 2.
[11] *Id.* at ¶ 3.
[12] *Id.* at ¶¶ 5-6.

49968

purchased by Plaintiff.[13] RBH has no ownership interest in Southern Energy or the CMH Defendants.[14] Additionally, RBH does not operate any manufactured home plants in Louisiana, has no operations of any kind in Louisiana, has no employees or offices in Louisiana, and does not own, lease, rent or control any property in Louisiana.[15] Finally, RBH does not maintain any back accounts in Louisiana and has no authorized agent for service of process in Louisiana.[16]

Alternatively, RBH moves to transfer this case to the Northern District of Alabama, arguing that potential witnesses include former RBH employees and former and current Southern Energy employees who worked at the plant during the relevant time period. Plaintiff opposes RBH's motion, arguing that: it has set forth a *prima facie* case of personal jurisdiction over RBH by this Court, jurisdictional discovery should be allowed, and RBH has not carried its burden of demonstrating that transfer is warranted in this case.

## II. LAW AND ANALYSIS

Also currently pending before the Court in this matter is a *Motion to Dismiss for Lack of Personal Jurisdiction* by the CMH Defendants,[17] a *Motion to Dismiss for Lack of Personal Jurisdiction* by NTA, Inc.,[18] a *Motion for Leave to File First Amended Class Action Complaint*, and a *Motion for Leave to File Second Amended Class Action Complaint* by Plaintiff.[19] In its *Opposition* to Plaintiff's *Motion for Leave to File First*

---

[13] *Id.* at ¶¶ 10-12.
[14] *Id.* at ¶ 13.
[15] *Id.* at ¶¶ 14-16.
[16] *Id.* at ¶¶ 17-18.
[17] Rec. Doc. No. 2.
[18] Rec. Doc. No. 18.
[19] Rec. Doc. Nos. 42 & 63.
49968

*Amended Class Action Complaint*, RBH argues that the Court should decide whether to transfer this case before the many procedural and jurisdictional issues that have been raised in the other pending motions.[20] Plaintiff takes issue with RBH's reliance on the Supreme Court's decision in *Sinochem Int'l Co., Ltd., v. Malay. Int'l Shipping Corp.*, wherein the Court held that courts could resolve a *forum non conveniens* issue before determining jurisdiction.[21] Plaintiff argues that "[n]one of the cases cited by defendant are authority in the Fifth Circuit and the Supreme Court case cited, *Sinochem* … did not speak to the issue of transfer to avoid personal jurisdiction challenges."[22] However, the Fifth Circuit has weighed in on this issue and has interpreted *Sincochem* in the manner argued by RBH.

In *Sangha v. Navig8 ShipManagement Private Limited*,[23] the Fifth Circuit stated:

> [T]he Supreme Court has consistently held that "there is no mandatory 'sequencing of jurisdictional issues.'" *Sinochem Int'l Co. v. Malay. Int'l Shipping*, 549 U.S. 422, 431, 127 S.Ct. 1184, 167 L.Ed.2d 15 (2007) (quoting *Ruhrgas*, 526 U.S. at 584, 119 S.Ct. 1563). Indeed, a federal court has considerable leeway "to choose among threshold grounds for denying audience to a case on the merits." *Id.* (quoting *Ruhrgas*, 526 U.S. at 585, 119 S.Ct. 1563). The Supreme Court has expressly approved of addressing personal jurisdiction before subject-matter jurisdiction, see *Ruhrgas*, 526 U.S. at 584–85, 119 S.Ct. 1563, and of addressing *forum non conveniens* before other jurisdictional issues, *see Sinochem*, 549 U.S. at 429, 127 S.Ct. 1184.[24]

In *Wellogix v. SAP America, Inc.*,[25] the plaintiff argued that subject matter jurisdiction had to be determined before considering a *forum non conveniens* argument.[26]

---

[20] Rec. Doc. No. 49 at 1-2.
[21] 549 U.S. 422, 425, 127 S.Ct. 1184, 1188, 167 L.Ed.2d 15 (2007).
[22] Rec. Doc. No. 41 at 7.
[23] 882 F.3d 96 (5th Cir. 2018).
[24] *Id.* at 100.
[25] 648 Fed. Appx. 398 (5th Cir. 2016).
[26] *Id.* at 400.

49968

Citing *Sinochem*, the Fifth Circuit stated that the plaintiff "ignores the Supreme Court's decision that a federal court may dismiss a case on the ground of *forum non conveniens* without first resolving a threshold issue of jurisdiction.[27] The court continued:

> *Sinochem* forecloses Wellogix's argument, as the Supreme Court explicitly held that "a court need not resolve whether it has authority to adjudicate the cause (subject-matter jurisdiction) or personal jurisdiction over the defendant if it determines that, in any event, a foreign tribunal is plainly the more suitable arbiter of the merits of the case."[28]

Accordingly, the Court finds pursuant to Supreme Court and Fifth Circuit authority that it has discretion to determine whether this matter should be transferred prior to a consideration of jurisdiction.

### A. Motion To Transfer Venue

"Section 1404(a) of Title 28 allows the Court in its discretion to transfer venue to another district or division, '[f]or the convenience of parties and witnesses, in the interest of justice,' where the action might have been brought."[29] "'When the movant demonstrates that the transferee venue is clearly more convenient' than the venue chosen by the plaintiff, 'it has shown good cause and the district court should grant the transfer.'"[30]

"In determining whether to transfer a case, the court must consider both private interest factors and public interest factors after first considering whether the judicial district to which transfer is sought would have been a district in which the claim could have been

---

[27] *Id.*
[28] *Id.* (quoting *Sinochem*, 549 U.S. at 425, 127 S.Ct. at 1188).
[29] *Norman v. H & E Equipment Services, Inc.*, 2015 WL 1281989, at *5 (M.D.La. Mar. 20, 2015)(quoting 28 U.S.C. § 1404(a); *Hollis v. Fla. State Univ.*, 259 F.3d 1295, 1300 (11th Cir.2001)).
[30] *Coleman v. Trican Well Service, L.P.*, 2015 WL 865153, at *1 (W.D.Tex. Feb. 27, 2015)(quoting *In re Volkswagen of Am., Inc. (Volkswagen II)*, 545 F.3d 304, 315 (5th Cir.2008)).

49968

Page 5 of 13

filed."[31] "These factors are 'not necessarily exhaustive or exclusive' and 'none can be said to be of dispositive weight.'"[32]

The private interest factors that a court must consider are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive."[33] The public factors to be considered are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law."[34] "The Fifth Circuit has explained that a plaintiff's choice of venue is not determinative in the analysis, but the plaintiff's choice of venue should be respected if the transferee venue is not clearly more convenient."[35]

### B. Arguments of Parties

Plaintiff argues that that the private and public interest factors weigh against transfer. Plaintiff first addressed the private interest factors. As to the relative ease of access to sources of proof, Plaintiff acknowledges that the manufacturing plant is in Hackleburg, Alabama, but notes that the physical damages, defects, and resulting

---

[31] *Saurage v. Rave Reviews Cinemas, LLC*, 2008 WL 205342, at *2 (M.D.La. Jan. 23, 2008)(citing *In re Volkswagen AG,* 371 F.3d 201, 203 (5th Cir.2004)).
[32] *Vivint Louisiana, LLC v. City of Shreveport*, 2015 WL 1456216, at *3 (M.D.La. Mar. 23, 2015)(quoting *In re Volkswagen of Am., Inc.,* 545 F.3d 304, 315 (5th Cir.2008)(citing *Action Indus., Inc., v. U.S. Fid. & Guar. Corp.*, 358 F.3d 337, 340 (5th Cir.2004)).
[33] *In re Volkswagen of Am., Inc.*, 545 F.3d at 315.
[34] *Id.*
[35] *CSFB 1998–C2 TX Facilities, LLC v. Rector*, 2015 WL 1003045, at *6 (Mar. 5, 2015)(citing *Volkswagen II*, 545 F.3d at 314–15 (5th Cir.2008)(en banc)).
49968

damages to Plaintiff are in Walker, Louisiana. Plaintiff admits that other homes within the putative class are located all over the southeast United States. Plaintiff claims that documents relevant to design, construction, manufacturing, inspection, and the certification process are just as available in Louisiana as they are in Alabama through discovery. Plaintiff contends this factor weighs against transfer or is neutral. Plaintiff contends the compulsory process factor weighs against transfer because Plaintiff's witnesses are subject to the compulsory process in the Middle District of Louisiana, not the Northern District of Alabama, and RBH's witnesses are subject to its control, compulsory process or not. The cost for witnesses is neutral as the travel from Louisiana to Alabama would be the same in either direction. As to the practical problems that make trial easy, expeditious and inexpensive, Plaintiff focused its argument on disagreeing with RBH's contention that transfer of this case would obviate the need to decide the jurisdictional questions facing the Court and would, thus, favor judicial economy.

Considering the public interest factors, Plaintiff maintains that "[t]he critical issue is not congestion, but time to trial."[36] RBH asserted that, in 2017, civil actions in the Middle District of Louisiana took an average of 36 months from filing to trial while civil actions in the Northern District of Alabama took an average of 33.5 months. Accepting this statistical assertion as true, Plaintiff maintains that a 2.5 month difference is insignificant. Additionally, Plaintiff cites the district court for the Eastern District of Louisiana in *Broussard v. First Tower Loan, LLC,* wherein it stated that "this factor is not entitled to much weight because it is the most speculative, and this factor alone should not outweigh

---

[36] Rec. Doc. No. 41 at 7.

other factors."[37] Thus, Plaintiff contends this factor is neutral. As to having localized interests decided at home, Plaintiff argues that these homes were heavily marketed and sold in Louisiana, and the damages have been felt by Louisiana residents; thus, this factor weighs against transfer. Finally, as RBH concedes, Louisiana choice of law rules will govern this matter regardless of where it is tried; thus, Plaintiff contends the familiarity of the forum with the law that will govern the case and the avoidance of conflict of laws problems weigh against transferring this case from the Middle District of Louisiana.

RBH notes that Plaintiff does not dispute that venue is proper, and personal jurisdiction over RBH is found, in the Northern District of Alabama. Further, RBH argues that a plaintiff's choice of forum is entitled to minimal deference when, as here, the plaintiff seeks to represent a nationwide class. RBH maintains that, in light of the class allegations, the private interest factors clearly weigh in favor of transfer. First, the former employees of RBH and former and current employees of Southern Energy are located in the Northern District of Alabama.[38] RBH contends these non-party witnesses are not under the control of a party and are outside the territorial powers of this Court.

Further, Plaintiff's claims focus on the alleged improper manufacture of homes which occurred at a plant located in Hackleburg, Alabama. Thus, RBH contends the majority of relevant party witnesses and documents will be located in Alabama. No alleged wrongful conduct occurred in the Middle District of Louisiana. Putative class members that purchased homes from the Defendants would be located all over the country; thus, the convenience of Plaintiff's witnesses to the forum does not equate to

---

[37] 135 F.Supp.3d 540, 548 (E.D. La. 2015)(citations omitted).
[38] Rec. Doc. No. 26-1, ¶19.

49968

convenience for all putative class members. As set forth above, RBH maintains that transfer would obviate the need for this Court to determine several pending motions and would avoid a waste of judicial resources.

RBH argues that the public interest factors also weigh in favor of transfer. RBH contends the Northern District of Alabama has the greatest interest in having this case decided in that district because the plant is located within that district. RBH acknowledges that each putative class member may have an interest in where this case is tried; however, it notes that all of the allegedly defective homes were manufactured in Alabama, which weighs in favor of transfer. Further, RBH notes that Plaintiff does not dispute that the Northern District of Alabama is a less congested court than the Middle District of Louisiana, and the time to trial is shorter. Finally, with respect to the law of the forum and potential conflict of law issues, RBH counters Plaintiff's argument that Louisiana law will unquestionably apply. Rather, RBH contends that, because Plaintiff purports to represent a nationwide class alleging state law warranty claims, the laws of all states wherein homes were sold and/or located could be applicable to this action. Thus, RBH contends neither the Middle District of Louisiana nor the Northern District of Alabama is better or worse equipped to handle this issue.

### C. Analysis

1. <u>Suit Could Have Been Filed in Northern District of Alabama</u>

Pursuant to the Section 1404(a) framework, the Court must first determine whether this lawsuit could have been brought in the Northern District of Alabama. Thus, the general venue statute, 28 U.S.C. § 1391, applies, which establishes venue in: (1) a judicial district in which any defendant resides, if all defendants are residents of the State

in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred ...; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.[39] Plaintiff does not appear to dispute that this suit could have been filed in the Northern District of Alabama; thus, the Court finds that this action could have been brought in the Northern District of Alabama where venue would be proper.

2. Plaintiff's Choice of Forum

Generally, a plaintiff's choice of forum is given great weight.[40] However, plaintiff's choice of forum, while a factor to be considered, is neither conclusive nor determinative.[41] The district court for the Western District of Louisiana recognized that, "[w]here there are potentially hundreds, if not thousands, of plaintiffs from many different states, deference to the plaintiffs' chosen forum is considerably weakened."[42] Plaintiff has acknowledged that putative class members may be found all over the southeast United States. Accordingly, Plaintiff's choice of forum is afforded little weight in this analysis.

3. Private and Public Interest Factors

After consideration of the facts in the record and the applicable law, the Court finds that transfer of this case to the Northern District of Alabama furthers the convenience of the parties and is in the interests of justice. The facts of this case demonstrate that all of RBH's witnesses are located in the state of Alabama. All witnesses to the design,

---

[39] 28 U.S.C. § 1391(b)(West 2015).
[40] *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966).
[41] *In re Horseshoe Entertainment*, 337 F.3d 429, 434 (5th Cir. 2003).
[42] *Broussard v. Family Dollar Store*, No. Civ. A 05-0892, 2006 WL 250484 at * 2 (W.D. La. Feb. 1. 2006)(citing *Koster v. Lumberman Mutual Casualty*, 330 U.S. 518, 524, 67 S.Ct. 828, 91 L.Ed. 1067 (1947)).
 49968

construction, and manufacture of the allegedly defective homes are located in Alabama as is the plant where all of these homes were constructed and the relating documents and evidence.  While it is clear that harm has been felt in Louisiana as a result of Defendants' alleged conduct, all conduct of which Plaintiff complains occurred in the Northern District of Alabama.  Moreover, if certified as class, harm could potentially be found in numerous states, including Alabama.   The convenience of Plaintiff's witnesses to the Northern District of Alabama is simply not sufficiently significant to weigh against transfer when compared to the witnesses, documents, and evidence located in Alabama and the fact that potential witnesses could be found all over the country.  The Court also finds that practical problems associated with trial weigh in favor of transfer as some pending motions would be moot upon transfer.  Plaintiff's recent attempt to add Southern Energy as a defendant only provides additional support for transfer as this entity is located within the Northern District of Alabama, and Southern Energy now owns the manufactured home plant at issue herein.[43]

Turning to the public interest factors, the Court likewise finds that these factors warrant transfer.  Plaintiff dismisses the issue of docket congestion as speculative; however, the administrative difficulties flowing from docket congestion in the Middle District based on recent events have significantly impacted this District.[44]  Considering

---

[43] *See Motion for Leave to File First Amended Class Action Complaint.* Rec. Doc. No. 42; Rec. Doc. No. 42-1 at 2.

[44] In November 2017, the Middle District suffered the loss of Senior District Judge James Brady, who carried active civil and criminal dockets at the time of his death.  Recent statistics revealed that the Middle District of Louisiana is the fourth busiest district in the country despite having only three active district judges, two magistrate judges, and no senior judges.  The docket of the Middle District has been further impacted in the last year by the increase in civil case filings related to a catastrophic flood event in August of 2016. As a result of these recent events, the three active judges of the Middle District assumed the criminal and civil dockets of the late Honorable James Brady and contemporaneously gained an increase of approximately 900 flood related civil filings.

49968

this Court's heavily congested docket coupled with the fact that no operative facts relating to Defendants' alleged conduct occurred in this district, the Court finds that this factor weighs heavily in favor of transfer.

The Court also finds that the Northern District of Alabama has a significant interest in deciding this case. First, the allegedly defective homes were designed, constructed, and manufactured at a plant located within this district. Given that putative class members may also be in Alabama, the Northern District of Alabama may have the most significant interest in deciding this case as its decision may affect both Alabama defendants and plaintiffs. If this case is certified as a class, considering the potential residences of the putative class members, the Middle District of Louisiana may ultimately have considerably less localized interests in deciding this case. The Court finds this factor weighs in favor of transfer.

Finally, considering that Plaintiff purports to represent a nationwide class, the Court agrees with RBH that the significance of factors addressing laws that will govern the case and issues with conflict of laws is undeterminable at this stage. The Court finds these factors are neutral.

In *The Laitram Corporation v. Hewlett-Packard Company*, the district court for the Eastern District of Louisiana noted that "[a] fundamental principle guiding the Court's analysis is that litigation should proceed in that place where the case finds its center of gravity."[45] Considering that Plaintiff purports to represent a nationwide class, and it is undisputed that all alleged conduct relating to the defective design and construction of

---

[45] 120 F.Supp.2d 607, 609 (E.D. La. 2000)(internal quotation marks and citations omitted).
49968

the manufactured homes at issue occurred in the Northern District of Alabama, the Court finds that the Northern District of Alabama is the "center of gravity" for the acts giving rise to this lawsuit. Accordingly, the Court finds that RBH has carried its burden of demonstrating that the Northern District of Alabama is clearly a more convenient and proper forum for this case.

## III. CONCLUSION

For the reasons set forth above, the alternative request for relief in RBH's *Motion to Dismiss for Lack of Personal Jurisdiction, or in the Alternative, Motion to Transfer Venue*[46] is GRANTED, and this case shall be TRANSFERRED to the United States District Court for the Northern District of Alabama.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana, on <u>January 30, 2019</u>.

**CHIEF JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[46] Rec.Doc. No. 26.

49968